IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02796-BNB

PAUL LANAKILA CAMPOS,

    Plaintiff,

v.

C. A. DANIELS, Individually and In His Official Capacity,
W. HUTCHINS, Individually and In His Official Capacity,
DOERER, Individually and In His Official Capacity,
B. MARTINEZ, Individually and In His Official Capacity,
COLLINS, Individually and In His Official Capacity,
ANTHONY, Individually and In His Official Capacity,
D. ALLRED, D.O., C.D., Individually and In His Official Capacity,
MATHEXUS, DDS, Individually and In His Official Capacity,
SEVERA, MD, "PHO," Individually and In His Official Capacity,
ANDREIS, RN, Individually and In His Official Capacity,
VISIL, RN/LPN, Individually and In Her Official Capacity,
KRISTINA SARBY, RN, Individually and In Her Official Capacity,
SHORT, "ACO," Individually and In His Official Capacity,
DRIVOR, "ACO," Individually and In His Official Capacity,
PARISH, "ACO," Individually and In His Official Capacity,
COREY, "ACO," Individually and In His Official Capacity,
HAAS, "ACO/Proports Officer," Individually and In His Official Capacity,
JOHN DOE(S) 1-10,
JANE DOES 1-10, and
GOVERNMENT ENTITIES 1-10,

    Defendants.

---

ORDER FOR RESPONSE FROM USP WARDEN

---

Plaintiff, Paul Lanakila Campos, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the United States Penitentiary (USP) in Florence, Colorado. He has filed *pro se* a prisoner complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), and a

prisoner's motion and affidavit for leave to proceed pursuant to 28 U.S.C. § 1915 together with a certified copy of his trust fund account statement for the six-month period immediately preceding this filing.

On November 2, 2011, the Court granted Mr. Campos leave to proceed pursuant to § 1915, and ordered him, within thirty days, either to pay an initial partial filing fee of $2.00 or to show cause why he has no assets and no means by which to pay the designated initial partial filing fee. The November 2 order noted that in order to show cause Mr. Campos must file a current certified copy of his trust fund account statement. On December 8, 2011, the Court granted Mr. Campos an additional thirty days in which to pay the initial partial filing fee or show cause why he was unable to do so as directed in the November 2 order. On December 27, 2011, the Court entered another minute order acknowledging the letter Mr. Campos filed on December 22, 2011, in which he stated that prison officials were refusing to forward his initial payment to the Court, and allowing Mr. Campos an additional thirty days to pay the initial partial filing fee or show cause as directed in the November 2 order.

The December 27 minute order specifically informed Mr. Campos that if officials at his penal institution refused to assist him in either paying the initial partial filing fee or providing a current certified copy of his trust fund account statement he must present written documentation by an appropriate prison official demonstrating that he or she had refused to allow Mr. Campos to comply with the November 2 order. On January 9 and 10, 2012, Mr. Campos submitted two responses to the December 27 minute order, neither of which complies with the directives in the minute order, but both of which again contend interference by prison officials with his ability to comply with the December 27

minute order. Although it appears that Mr. Campos may not be following the proper BOP procedure necessary to comply with the December 27 minute order, he appears to have responded to the December 27 minute order to the best of his ability.

Based on Mr. Campos' representations, the Court will order the warden of the United States Penitentiary to respond and verify whether Mr. Campos, as he claims, has been denied both a current certified account statement and the withdrawal of funds from his account for payment of the initial partial filing fee to the Court, and if he was denied a statement or the withdrawal of funds, why the requests were denied. The Court also will ask the warden to verify whether Mr. Campos has followed the proper procedure for obtaining a certified copy of his inmate account statement or for requesting the initial partial filing fee be sent to the Court pursuant to § 1915(b)(1).

Accordingly, it is

ORDERED that **within thirty days from the date of this order** the warden of the United States Penitentiary in Florence, Colorado, is instructed to respond and verify to the Court whether Plaintiff, Paul Lanakila Campos, has been denied both a current certified account statement and the withdrawal of funds from his account for payment of the initial partial filing fee to the Court and, if Mr. Campos was denied a statement or the withdrawal of funds, why the requests were denied. It is

FURTHER ORDERED that **within thirty days from the date of this order** the warden also is instructed to respond and verify to the Court whether Mr. Campos has followed the proper procedure for obtaining a certified copy of his inmate account statement and for requesting the initial partial filing fee be sent to the Court pursuant to 28 U.S.C. § 1915(b)(1).

DATED January 17, 2012, at Denver, Colorado.

                                              BY THE COURT:

                                              s/ Boyd N. Boland
                                              United States Magistrate Judge