IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02796-BNB

PAUL LANAKILA CAMPOS,

    Plaintiff,

v.

C. A. DANIELS, Individually and In His Official Capacity,
W. HUTCHINS, Individually and In His Official Capacity,
DOERER, Individually and In His Official Capacity,
B. MARTÍNEZ, Individually and In His Official Capacity,
COLLINS, Individually and In His Official Capacity,
ANTHONY, Individually and In His Official Capacity,
D. ALLRED, D.O., C.D., Individually and In His Official Capacity,
MATHEXUS, DDS, Individually and In His Official Capacity,
SEVERA, MD, "PHO," Individually and In His Official Capacity,
ANDREIS, RN, Individually and In His Official Capacity,
VISIL, RN/LPN, Individually and In Her Official Capacity,
KRISTINA SARBY, RN, Individually and In Her Official Capacity,
SHORT, "ACO," Individually and In His Official Capacity,
DRIVOR, "ACO," Individually and In His Official Capacity,
PARISH, "ACO," Individually and In His Official Capacity,
COREY, "ACO," Individually and In His Official Capacity,
HAAS, "ACO/Proports Officer," Individually and In His Official Capacity,
JOHN DOE(S) 1-10,
JANE DOES 1-10, and
GOVERNMENT ENTITIES 1-10,

    Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Paul Lanakila Campos, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the United States Penitentiary, High Security, in Florence, Colorado. Mr. Campos filed *pro se* a prisoner complaint (ECF No. 1) pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403

U.S. 288 (1971), and asserting supplemental jurisdiction pursuant to 28 U.S.C. § 1367. He asks for money damages and declaratory relief.  He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.  In addition, Mr. Campos has filed a motion for joinder and correction of typographical errors (ECF No. 9) in which he provides the names of the John Doe defendants, and a motion for supplemental pleading (ECF No. 20) in which he makes additional allegations to supplement the complaint.

The Court must construe Mr. Campos' filings liberally because he is representing himself.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the pro se litigant's advocate.  Hall, 935 F.2d at 1110.  For the reasons stated below, Mr. Campos will be directed to file an amended complaint.  Because Mr. Campos will be ordered to file an amended complaint, the motions for joinder and correction of typographical errors (ECF No. 9) and for supplemental pleading (ECF No. 20) will be denied as unnecessary.

Mr. Campos asserts five claims.  He complains about the unsafe conditions of his confinement leading to an incident in his living unit during which he was slashed with a knife and the conditions of his confinement following the incident (claim one).  He contends the denial of his access to the prison law library and to his attorney have denied him access to the courts (claim two).  He alleges he has been retaliated against by being refused pain medication and placed in the same cell as gang members (claim three).  He maintains that the defendants are deliberately indifferent to his serious medical needs by refusing to replace his broken dentures (claim four).  He contends that the taping of a telephone call with his attorney violates the Federal Wiretap Act, 18

U.S.C. § 2510, and his Fourth Amendment rights against unreasonable searches and seizures (claim five).

The complaint Mr. Campos filed is hard to read because it is single-spaced, contains underlining, and his handwriting is largely illegible. Rule 10.1 of the Local Rules of Practice for this Court requires that all papers filed in cases in this Court be double-spaced and legible. *See* D.C.COLO.LCivR 10.1E. and G. The amended complaint Mr. Campos be directed to file, if handwritten, shall be double-spaced and written legibly, in capital and lower-case letters, with no underlining.

Mr. Campos' complaint also fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading

rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.  In order for Mr. Campos to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).

Mr. Campos fails to set forth a short and plain statement of his claims showing that he is entitled to relief.  The complaint is unnecessarily wordy and vague.  For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis."  *Id.*  Therefore, Mr. Campos will be directed to file an amended complaint that complies with the pleading requirements of Rule 8.  It is Mr. Campos' responsibility to present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims.

The amended complaint must provide "a generalized statement of the facts from which the defendant may form a responsive pleading."  *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).  The amended complaint also must be a single, coherent document that provides a clear and concise statement of every claim Mr. Campos is raising in this action.  The Court will not consider any claims raised in separate amendments, supplements, motions, or other documents that are not included in the amended application.

In the amended complaint, Mr. Campos must assert personal participation by each named defendant.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Mr. Campos must show how the named defendants caused a deprivation of his federal rights.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).  A supervisor is only liable for constitutional violations that he or she causes.  *See Dodds v. Richardson*, 614 F.3d 1185, 1211 (10th Cir. 2010).

Mr. Campos may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights.  However, if Mr. Campos uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Mr. Campos, therefore, will be directed to file an amended complaint on the Court-approved complaint form that asserts his claims clearly and concisely, alleges what rights were violated, and provides specific facts demonstrating how each named defendant personally participated in the asserted constitutional violations.

Accordingly, it is

ORDERED that Plaintiff, Paul Lanakila Campos, file **within thirty (30) days from the date of this order** an amended complaint that complies with the directives of this order.  It is

FURTHER ORDERED that Mr. Campos shall obtain the Court-approved Prisoner Complaint form (with the assistance of her case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Campos fails to file an amended complaint that complies with this order within the time allowed, the Court will dismiss the complaint and the action without further notice.  It is

FURTHER ORDERED that the motions for joinder and correction of typographical errors (ECF No. 9) and for supplemental pleading (ECF No. 20) are denied as unnecessary.

DATED February 24, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge