IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02796-BNB

PAUL LANAKILA CAMPOS,

    Plaintiff,

v.

C. A. DANIELS, Individually,
W. HUTCHINS, Individually,
D. ALLRED, D.O., C.D., Individually,
COLLINS, FIRST NAME UNKNOWN ("FNU"), Individually,
SEVERN, "FNU," MD, PHD, Individually,
J. LORINCZ, DMD, Individually,
ANTHONY, "FNU," Individually,
DOERER, "FNU," Individually,
B. MARTÍNEZ, "FNU," Individually,
L. VIGIL, "FNU," Registered Nurse ("RN"), Individually,
MCALISTER, "FNU," Individually,
SHORT, "FNU," Individually,
DRIVER, "FNU," Individually,
HAAS, "FNU," Property Officer, Individually,
COREY, "FNU," Individually,
THOMPSON, "FNU," Individually,
DELGADO, "FNU," Individually,
COLINS, "FNU," Individually,
JOHN DOES 1-10, AND
JANE DOES 1-10

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE
SECOND AND FINAL AMENDED COMPLAINT

---

    Plaintiff, Paul Lanakila Campos, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the United States Penitentiary, High Security, in Florence, Colorado. Mr. Campos filed *pro se* a prisoner complaint (ECF No. 1) pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403

U.S. 288 (1971), and asserting supplemental jurisdiction pursuant to 28 U.S.C. § 1367. He asked for money damages and declaratory relief. He was granted leave to proceed pursuant to 28 U.S.C. § 1915.

On February 24, 2012, the Court ordered Mr. Campos to file within thirty days an amended complaint that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and Local Rule 10.1E. and G. On April 4, 2012, after being granted an extension of time, Mr. Campos filed an amended *Bivens* complaint for damages titled "First Amended Complaint" (ECF No. 29).

The Court must construe Mr. Campos' first amended complaint liberally because he is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Campos will be directed to file a second and final amended complaint.

Once again, Mr. Campos asserts five claims, some of which appear to include subclaims that are briefly mentioned but not factually supported. In a rambling claim one, he generally complains about the unsafe conditions of his confinement, including but not limited to the alleged lack of a "lock-up order" mandating his placement in segregation; alleged assaults during his confinement in the Special Housing Unit (SHU); and a laundry list of unsatisfactory living conditions such as overcrowding, poor lighting, leaky showers, improperly working toilets, lead-based paint in cells, and ripped mattresses and bedding. In claim two, he contends he was denied access to the courts by being denied access to the prison law library and his attorney, and by being denied photocopies.

As a third claim, and the only one with clear and concise factual allegations, Mr. Campos maintains that the defendants are deliberately indifferent to his serious medical needs by refusing to replace his broken dentures for three years. The claim, however, also includes vague allegations concerning post-traumatic stress disorder, that are generally unintelligible.  In his fourth claim, Mr. Campos contends that the taping of a telephone call with his attorney violates the Federal Wiretap Act, 18 U.S.C. § 2510.  In claim five, he generally alleges retaliation through interference with his mail, being housed with gang members, being denied pain medication, not having his laundry washed, being required to sleep on a concrete floor, and being denied law-library access.

Mr. Campos' amended complaint still fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  As he was informed in the February 24 order for an amended complaint, the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief

sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Campos to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Campos again fails to set forth a short and plain statement of his claims showing that he is entitled to relief. The amended complaint is unnecessarily wordy, while at the same time being vague and devoid of factual allegations. For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.* Therefore, Mr. Campos will be directed to file a second and final amended complaint that complies with the pleading requirements of Rule 8. It is Mr. Campos' responsibility to present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims.

The second and final amended complaint must provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). It also must be a single, coherent document that provides a clear and concise statement of every claim

Mr. Campos is raising in this action, including the facts that support each claim. The Court will not consider any claims raised in separate amendments, supplements, motions, or other documents that are not included in the second and final amended application.

In the second and final amended complaint, Mr. Campos must assert facts demonstrating the personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). It is not enough for Mr. Campos to compile and include in each claim a list of defendants he is suing for that claim. He must make factual allegations that demonstrate clearly the reason or reasons each individual defendant is being sued. To establish personal participation, Mr. Campos must show how the named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations that he or she causes. *See Dodds v. Richardson*, 614 F.3d 1185, 1211 (10th Cir. 2010).

Mr. Campos may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Campos uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

Mr. Campos, therefore, will be directed to file a second and final amended complaint on the Court-approved complaint form that asserts his claims clearly and concisely, alleges what rights were violated, and provides specific facts demonstrating how each named defendant personally participated in the asserted constitutional violations.

Accordingly, it is

ORDERED that Plaintiff, Paul Lanakila Campos, file **within thirty (30) days from the date of this order** a second and final amended complaint that complies with the directives of this order.  It is

FURTHER ORDERED that Mr. Campos shall obtain the Court-approved Prisoner Complaint form (with the assistance of her case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and use that form in submitting the second and final amended complaint.  It is

FURTHER ORDERED that, if Mr. Campos fails to file a second and final amended complaint that complies with this order within the time allowed, the Court will dismiss the amended complaint and the action without further notice.

DATED May 3, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge