IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02796-BNB

PAUL LANAKILA CAMPOS,

    Plaintiff,

v.

C. A. DANIELS, Individually,
W. HUTCHINS, Individually,
D. ALLRED, D.O., C.D., Individually,
COLLINS, FIRST NAME UNKNOWN ("FNU"), Individually,
SEVERN, "FNU," MD, PHD, Individually,
J. LORINCZ, DMD, Individually,
ANTHONY, "FNU," Individually,
DOERER, "FNU," Individually,
B. MARTÍNEZ, "FNU," Individually,
L. VIGIL, "FNU," Registered Nurse ("RN"), Individually,
MCALISTER, "FNU," Individually,
SHORT, "FNU," Individually,
DRIVER, "FNU," Individually,
HAAS, "FNU," Property Officer, Individually,
COREY, "FNU," Individually,
THOMPSON, "FNU," Individually,
DELGADO, "FNU," Individually,
COLINS, "FNU," Individually,
JOHN DOES 1-10, and
JANE DOES 1-10,

    Defendants.

---

ORDER DENYING MOTION FOR
TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

---

    Plaintiff, Paul Lanakila Campos, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the United States Penitentiary, High Security, in Florence, Colorado. Mr. Campos filed *pro se* an amended prisoner

complaint (ECF No. 29) for money damages and declaratory and injunctive relief pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 288 (1971), and asserting supplemental jurisdiction pursuant to 28 U.S.C. § 1367. On May 3, 2012, Magistrate Judge Boyd N. Boland entered an order (ECF No. 33) directing Mr. Campos to file a second and final amended complaint.  On May 23, 2012, and July 10, 2012, Mr. Campos was granted thirty-day extensions of time in which to file the second and final amended complaint by minute orders (ECF Nos. 38 and 45).

On July 12, 2012, Mr. Campos filed a motion titled "Notice for Temporary Restraining [sic] Order Without Notice and Preliminary Injunction" (ECF No. 46) together with a supporting declaration (ECF No. 47) and memorandum (ECF No. 48).  In these documents, he contends the legal work taken from him when he was transferred on June 21, 2012, to the United States Penitentiary in Coleman, Florida, has been stolen because it has not yet arrived at his new prison facility, and he needs the legal work to file the second and final amended complaint and proceed in the instant action.

The Court must construe the motion liberally because Mr. Campos is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the motion will be denied.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits; that he will suffer irreparable injury unless the injunction issues; that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; and that the injunction, if issued, would not be adverse to the

public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). Similarly, a party seeking a temporary restraining order must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result unless a temporary restraining order is issued. *See* Fed. R. Civ. P. 65(b).

A preliminary injunction is an extraordinary remedy, and "the primary goal of a preliminary injunction is to preserve the pre-trial status quo." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009). Therefore, "courts should be especially cautious when granting an injunction that requires the nonmoving party to take affirmative action - a mandatory preliminary injunction - before a trial on the merits occurs." *Id.* Because Mr. Campos is seeking a mandatory preliminary injunction that seeks to alter the status quo, he must make a heightened showing of the four factors listed above. *See id.* at 1209.

Mr. Campos' allegations that his legal work has been stolen are speculative. Moreover, on July 10 he was granted another thirty-day extension of time in which to file the second and final amended complaint. Therefore, Mr. Campos does not demonstrate a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury if no preliminary injunction is issued, that his threatened injuries outweigh whatever damage the proposed injunction may cause the opposing party, or that a preliminary injunction would not be adverse to the public interest. The motion for a temporary restraining order and preliminary injunction will be denied.

Accordingly, it is

public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). Similarly, a party seeking a temporary restraining order must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result unless a temporary restraining order is issued. *See* Fed. R. Civ. P. 65(b).

A preliminary injunction is an extraordinary remedy, and "the primary goal of a preliminary injunction is to preserve the pre-trial status quo." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009). Therefore, "courts should be especially cautious when granting an injunction that requires the nonmoving party to take affirmative action - a mandatory preliminary injunction - before a trial on the merits occurs." *Id.* Because Mr. Campos is seeking a mandatory preliminary injunction that seeks to alter the status quo, he must make a heightened showing of the four factors listed above. *See id.* at 1209.

Mr. Campos' allegations that his legal work has been stolen are speculative. Moreover, on July 10 he was granted another thirty-day extension of time in which to file the second and final amended complaint. Therefore, Mr. Campos does not demonstrate a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury if no preliminary injunction is issued, that his threatened injuries outweigh whatever damage the proposed injunction may cause the opposing party, or that a preliminary injunction would not be adverse to the public interest. The motion for a temporary restraining order and preliminary injunction will be denied.

Accordingly, it is

ORDERED that the motion titled "Notice for Temporary Restaining [sic] Order Without Notice and Preliminary Injunction" (ECF No. 46) that Plaintiff, Paul Lanakila Campos, filed with the Court *pro se* on July 12, 2012, is denied.

DATED at Denver, Colorado, this  19th  day of     July     , 2012.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court